IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE UNIVERSITY OF TULSA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case. No. 16-CV-103-TCK-PJC |
| | ) | |
| JOHNSON MATTHEY INC., | ) | |
| d/b/a Tracerco, | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court are: (1) Motion to Intervene by Similarly Situated Claimants and Brief in Support (Doc. 43), and (2) Defendant's Motion to Amend Scheduling Order (Doc. 58).

**I.      Background**

On February 22, 2016, Plaintiff the University of Tulsa (the "University") filed this action against Defendant Johnson Matthey Inc., d/b/a Tracerco ("Tracerco") alleging claims of indemnity, negligence, gross negligence, negligent supervision, and declaratory judgment.  The University's claims arise from an alleged release of radioactive Cesium-137 in a building on the University's North Campus in October 2014.

**II.      Motion to Intervene**

On September 16, 2016, a group of individuals ("Movants") filed a Motion to Intervene, seeking to intervene pursuant to Federal Rule of Civil Procedure 24(b) for "the sole purpose of seeking modification or rescission of the Protective Order" entered in this matter.[1]  (Doc. 43 at 1.) The Movants are a group of the University's current or former employees who allege injury as a result of their exposure to Cesium-137.  On October 14, 2016, the Movants filed an action in the District Court of Tulsa County, Oklahoma against Tracerco and the University, among others.

_____

[1] Other individuals subsequently joined the Motion to Intervene and are included within the Court's definition of "Movants."   (*See* Docs. 51, 55).

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention and provides, in pertinent part, as follows: "On timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Courts "have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose. When a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) (internal citations omitted); *see also Johnson v. City of Tulsa*, No. 94-CV-39, 2003 WL 24015150, at *1 (N.D. Okla. May 15, 2003) ("Although [Rule 24(b)] appears, on its face, to be a questionable procedural basis for a third-party challenge to a protective order, 'every court of appeals to have considered the matter has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention' for that purpose.") (citing *Jessup v. Luther*, 227 F.3d 993 (7th Cir. 2000)).

The Court finds that the Movants have satisfied the requirements for permissive intervention pursuant to Rule 24(b). Movants' claims in the Tulsa County action share a common question of law of fact with this action. Specifically, Movants seek damage for their alleged exposure to Cesium-137 as a result of the release in October 2014 – the same event which underlies the litigation in this Court. The Court finds that no prejudice will be occasioned to the University or Tracerco by allowing the Movants to intervene, especially considering both parties are named defendants in the Tulsa County action. Accordingly, the Court grants the Movants' Motion to Intervene for the limited purpose of seeking modification or rescission of the protective order.

III.     **Motion to Amend Scheduling Order**

On October 24, 2016, Tracerco filed a Motion to Amend Scheduling Order, seeking to extend all remaining deadlines by ninety days. The University opposed the requested extension.

Tracerco requested expedited consideration of its motion, and the Court ordered an expedited response and reply.

Pursuant to Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." As the basis for the requested extension, Tracerco primarily focuses on the Motion to Compel it filed on September 29, 2016. This motion remains pending and will not be fully briefed until early November. The current discovery deadline of November 30, 2016 makes it difficult for the parties to obtain a ruling from the Court on the motion with enough time to complete discovery. Accordingly, the Court finds modification of the current scheduling order to be appropriate. The granting of the Movants' Motion to Intervene provides additional support for modifying the scheduling order.

## IV.    Conclusion

Based on the foregoing, the Motion to Intervene by Similarly Situated Claimants (Doc. 43) is GRANTED. The Movants may file a motion seeking modification or rescission of the protective order within fourteen days from the date of this Opinion and Order.

Defendant's Motion to Amend Scheduling Order (Doc. 58) is GRANTED. A new scheduling order will be entered separately.

SO ORDERED this 26th day of October, 2016.

**TERENCE KERN**
**United States District Judge**